UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN B. ABERNATHY, et al., )<br>　　Plaintiff, )<br>　)<br>v. )<br>　)<br>SPECTRUM HEALTH SYSTEMS, et al., )<br>　　Defendants. )<br>　) | Civil No. 21-11290-LTS |

MEMORANDUM AND ORDER ON PENIDNG MOTIONS

August 13, 2021

SOROKIN, J.

　　Plaintiff Franklin B. Abernathy ("Abernathy"), an inmate now in custody at the Pondville

Correctional Center, filed a complaint in this case purportedly on behalf of 5 co-plaintiffs and a

class of inmates alleging that they are being treated for opioid use disorder and are being denied

medical treatment that includes alternative opioid treatment medications such as buprenorphine.

　　The complaint is brought pursuant to 42 U.S.C. § 1983 and the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101,  alleging that the denial of alternative

medications violates the ADA and the Eighth Amendment of the United States Constitution.

The complaint identifies 6 plaintiffs, but only Franklin Abernathy signed the complaint.  The

complaint names the following defendants: (1) Spectrum Health Systems, Inc; (2) Larissa Dias,

LMHU Director; (3) Jane Doe #1, MOUD Program Clinician; (4) Carol Mici, Commissioner of

Correction; and (5) Michael Rodrigues, Superintendent MCI Shirley.  The plaintiff seeks

declaratory and injunctive relief and an unspecified amount of monetary damages.

With the complaint, Abernathy filed a motion for leave to proceed *in forma pauperis*, a motion to certify class action, and an emergency motion for a temporary restraining order and preliminary injunction.

## I.      Signatures

Abernathy signed the complaint, but Curtis Holloway, Michael Jordan, Thomas Curtin-Hiltz, Keith Niemic and Gildo Cardoso did not.  Dkt. No. 1, p. 39.  Abernathy states that he "allowed each of [the co-plaintiffs to] read the complaint. Id. at p. 40.

Without signatures, the Court cannot discern whether all of the named plaintiffs wish to proceed as parties to this action.  Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A *pro se* party is required to comply with these local rules.").

Without signatures, Curtis Holloway, Michael Jordan, Thomas Curtin-Hiltz, Keith Niemic and Gildo Cardoso cannot proceed as plaintiffs in this action as filed and they will be dismissed without prejudice.

## II.     Legal Representation

An individual may appear in federal court, either "*pro se* or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally

or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. (2015) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). "[P]ro se plaintiffs cannot act as class representatives." *Murphy v. Baker*, Civ. Action No. 19-12481-PBS, 2020 WL 3420632, at *1 (D. Mass. June 22, 2020).

Here, Abernathy is appearing *pro se*, and he is not alleged to be an attorney admitted to the bar. Without counsel, Abernathy cannot act as a class representative nor can he represent any other individually named plaintiff. Because Abernathy cannot adequately represent the interests of the class he has identified, the motion to certify a class is denied.

### III.   Abernathy's Motion for Leave to Proceed *In Forma Pauperis*

No filing fee has been paid in connection with the filing of the complaint. Abernathy has filed a motion for leave to proceed *in forma pauperis*. None of the other purported plaintiffs has done so. Having reviewed Abernathy's filing, his motion for leave to proceed *in forma pauperis* is denied without prejudice.

Where, as here, Abernathy is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]  If Abernathy wishes to proceed with this action, he

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by

will be granted additional time to file a new motion accompanied by a certified copy of his prison account statement.

### IV.     Other Parties

"Where there are multiple plaintiffs in a civil action … it has been the practice of this court to apportion equally the filing fee between or among all plaintiffs (both in prisoner and non-prisoner cases)."  *Cuevas v. DiPaulo*, No. 11-10884-WGY, 2011 WL 2110759, at *2 (D. Mass. May 23, 2011) (collecting cases).  If one or more of the plaintiffs (including Abernathy) elect to re-file claims on a self-represented basis, they may do so by (1) seeking leave to file an amended complaint accompanied by a proposed amended complaint signed by each plaintiff; and (2) each plaintiff filing Application to Proceed in District Court Without Prepaying Costs or Fees accompanied by a certified copy of their prison account statement.  The filing fee would be apportioned among the number of plaintiffs actually proceeding in the action.[2]

### V.     Emergency Motion

In his emergency motion, Abernathy seeks to have this Court enjoin the defendants from denying the use of alternative drugs (i.e. Buprenorphine) that are commonly used in the treatment of opiate addiction.  Dkt. No. 3.  Although Abernathy alleges that a "physician gave Mr. Abernathy three options of available treatment through the MOUD Program,"  Compl. at ¶ 62, he complains that his request for medication other than methadone was denied.  *Id.* at ¶ 67.  He alleges that he had "an allergic reaction to the methadone medication,"  *id.* at ¶ 65, and that he will not be

---

payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee.

[2] If 6 plaintiffs were permitted to file an amended complaint, each plaintiff would be responsible for a payment of $58.33.  If there are less plaintiffs, then the filing fee would be apportioned among the number of plaintiffs actually proceeding in the action.

considered for a non-methadone medication such as Suboxone until he is "within 120 days before [his] release and discharge [date]." *Id.* at ¶ 62.  Abernathy contends that if he is denied an alternate treatment, he is likely to experience "a potentially fatal opioid overdose." *Id.* at ¶ 53

To the extent Abernathy seeks a preliminary injunction, preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendants.  *See* Fed. R. Civ. P. 65(a)(1).  A "district court determines whether to issue a preliminary injunction by weighing four factors: '(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.'" *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004) (quoting *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004)); *see also Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996)).

To the extent Abernathy seeks an *ex-parte* temporary restraining order, the Court notes that there is no certification in writing of any effort plaintiff has made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief.  *See* Fed. R. Civ. P. 65(a)(1).  Even assuming arguendo that such a showing had been made, the Court finds that Abernathy has not shown a reasonable likelihood of success on the merits.  Abernathy is currently receiving treatment, and while he may not be getting the best possible treatment or his preferred treatment, he has not carried his burden of showing that he would suffer irreparable harm should an injunction not issue.  The Court will not, in the form of a mandatory injunction, grant Abernathy the ultimate relief he seeks without a trial.  *See W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir.1958) (no preliminary

injunction which would give "to the plaintiff the actual advantage which would be obtained in a final decree.").

**VI.    Order**

For the reasons set forth above, Curtis Holloway, Michael Jordan, Thomas Curtin-Hiltz, Keith Niemic and Gildo Cardoso are dismissed from this action without prejudice because a self-represented party cannot represent another individual plaintiff or a purported class of plaintiffs. Abernathy's motions for leave to proceed *in forma pauperis* (Dkt. No 2), for a temporary restraining order and preliminary injunction (Dkt. No. 3) and to certify class action (Dkt. No. 5) are DENIED without prejudice.

If Abernathy wishes to proceed with this action, within 35 days of the date of this Order, he must file an Application to Proceed in District Court Without Prepaying Costs or Fees with a certified copy of his prison account statement for the 6-month period preceding August 5, 2021. Failure of Abernathy to comply with these directives may result in the dismissal of this action without prejudice.  The Clerk shall provide Abernathy with standard Application to Proceed in District Court Without Prepaying Fees or Costs and shall send a copy of this Order to the Treasurer's Office at the Pondville Correctional Center in order to facilitate any request by Abernathy for a copy of his certified prison account statement.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge